# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KRISTA TIPTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEAU TOWNSEND FORD LINCOLN, INC. d/b/a BEAU TOWNSEND FORD,<br><br>Defendant. | Case No.: 24-CV-00312<br><br>Judge:<br><br>Magistrate Judge:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Krista Tipton ("Plaintiff") brings this Complaint and the following cause of action against Defendant Beau Townsend Ford Lincoln, Inc. d/b/a Beau Townsend Ford ("Beau Townsend" or "Defendant") alleging as follows:

## INTRODUCTION

1. This case involves a telemarketing campaign by Beau Townsend who sent text messages and made phone calls to market its products and services by contacting numbers on the National Do-Not-Call Registry, and contacting numbers repeatedly after requests from recipients to be added to Defendant's Internal Do-Not-Call registry—plain violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of these illegal calls, which include Plaintiff and the Proposed Class, are entitled to damages under the TCPA, and because telemarketing campaigns send text messages *en masse*, the appropriate vehicle for recovery is a class action lawsuit.

1

## PARTIES

**Plaintiff Krista Tipton**

3. Plaintiff is an individual residing in Champaign County, Ohio.

**Defendant Beau Townsend Ford Lincoln, Inc.**

4. Defendant Beau Townsend Ford Lincoln, Inc. is a Delaware corporation and can be served via registered agent Jeffrey D. Slyman at 812 East National Road, Vandalia, Ohio 45377.

## JURISDICTION AND VENUE

5. Under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331, this Court has original subject-matter jurisdiction over Plaintiff's TCPA claims because they raise a federal question of law.

6. Venue is proper under 28 U.S.C. § 1391(b) because Defendant' principal place of business is located at 1020 W. National Road, Vandalia, Ohio 45377, and because the events giving rise to Plaintiff's cause of action occurred in the United States District Court for the Southern District of Ohio.

## TCPA BACKGROUND

7. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 591 U.S. 610, 613, 140 S.Ct. 2335, 207 L.Ed.2d 784 (2020).

8. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

9. So long as a number appears on the National Do-Not-Call Registry, it is illegal for a company to place any telephone solicitations to that number. 47 U.S.C. § 227(c)(3)(F). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

10. One exception to this rule is that the TCPA allows a company to solicit a consumer whose phone number is on the National Do-Not-Call Registry when it has an "established business relationship" ("EBR") with that consumer. 47 U.S.C. § 227(a)(4) (excluding from the definition of "telephone solicitation . . . any person with whom the caller has an established business relationship"). The Federal Communications Commission ("FCC") defined an EBR to mean "a prior or existing relationship formed by a voluntary two-way communication between a[n] . . . entity and a" consumer on the basis of the consumer's "purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call . . . , which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5). Among other things, a consumer can terminate an EBR with a company by asking the company to stop calling, even if the consumer continues to transact business with that company. Id. at § 64.1200(f)(5)(i).

11. A consumer whose number is on the National Do-Not-Call Registry and has received more than one telemarketing call within any twelve (12) month period by, or on behalf of, the same company in violation of the TCPA, can sue the company and seek the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations. 47 U.S.C. § 227(c)(5).

12. Regulations implementing the TCPA require companies to maintain Internal Do-Not-Call Registries. 47 C.F.R. § 64.1200(d). Once a company receives a request from a consumer not to receive calls, the number must be placed on the company's Company-Specific Do-Not-Call List (the "Internal Do-Not-Call List") within a reasonable time, not to exceed thirty (30) days from the date of the request. *Id*. at § 64.1200(d)(3).

13. It has long been the law that a seller of goods or services can be liable for TCPA violations even if the seller does not directly place or initiate the calls. The provision that establishes a private right of action against an entity that violates the National Do-No-Call Registry restrictions provides that "[a] person who has received more than one telephone call within any twelve (12) month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages and injunctive relief. 47 U.S.C. § 227(c)(5) (emphasis added). Likewise, 47 C.F.R. § 64.1200(d)(3) provides that once a number is added to a company's Internal Do-Not-Call List, the company "on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request."

14. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CC Docket No. 92-90, Mem. Op. & Order, 10 FCC Rcd. 12391, 12937, ¶ 1

15. The FCC reiterated this principle in 2005, when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See 1995 TCPA Reconsideration Order*; *Request of State Farm*

4

*Mutual Automobile Insurance Company for Clarification and Declaratory Ruling*, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

16. The FCC reaffirmed this in 2013, when it held that (a) a seller may, under principles of apparent authority, actual authority, and ratification, be liable for violations of § 227(c) by third parties, and (b) a seller may also be liable, under the express terms of § 227(c), for calls placed "on behalf of" the seller. *In re Joint Pet. filed by DISH Network LLC*, Declaratory Ruling, 28 FCC Rcd. 6574 (2013).

17. Industry data shows that the number of robocalls made each month increased form 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

18. According to the online robocall tracking service "YouMail," 4.5 billion robocalls were placed in July 2023 alone, at a rate of 145.5 million calls per day. [1]

19. The FCC has received an increased number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. [2]

20. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." [3]

21. "The FTC receives more complaints about unwanted calls than other Complaints combined." [4]

---

[1] *See July 2023 Nationwide Robocall Data*, YouMail: Robocall Index, www.robocallindex.com (last visited Aug. 24, 2023).

[2] FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-helpcenter-data.

[3] Tom Wheeler, Cutting off Robocalls (July 22, 2016), statement of FCC chairman.

[4] Staff of the Federal Trade Commission's Bureau of Consumer Protection, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016)

## FACTUAL ALLEGATIONS

22. Defendant is a new and used car dealership located in Vandalia, Ohio.[5]

23. Defendant calls and sends text messages to consumers in order to solicit business for its products and services.

24. Plaintiff is the subscriber and sole user of her 5856 number.

25. Plaintiff's 5856 number is a residential line in Champaigne, Ohio.

26. Plaintiff's 5856 number was registered on the National Do-Not-Call Registry in or around November 2017 and was registered at all times relevant herein.

27. In or around March 2024, Plaintiff was shopping for a car on the internet when she found one that she was interested in.

28. At the time Plaintiff inquired about the price of the vehicle, Plaintiff was not aware that the vehicle was being marketed by Defendant.

29. Shortly after submitting her information to be contacted, Plaintiff received an email from Defendant.

30. Ultimately, Plaintiff purchased a vehicle from a different seller and responded to Defendant's email on March 14, 2024, requesting that Defendant not contact her and remove her from its contact list.

31. On that same day, March 14, 2024, Plaintiff received a response from Defendant's employee, Karen Burton, confirming that "[Defendant] will take [Plaintiff] off our contact lists."

32. By requesting to be added to Defendant's internal DNC list, Plaintiff unequivocally withdrew any consent for Defendant to contact her.

---

[5] https://www.btford.com/about-us/ (last visited Nov. 4, 2024).

6

33. However, despite Plaintiff's clear request that Defendant not contact her, and Defendant's receipt of Plaintiff's request, Defendant made, or caused to be made, repeated calls and text messages in an attempt to solicit her business and in violation of the TCPA.

34. In or around March 2024, Plaintiff received several telemarketing calls from Defendant, in which, Plaintiff requested that Defendant not contact her in the future.

35. In addition to the calls, between June 20, 2024 and September 25, 2024, Plaintiff received ten (10) unwanted text messages despite her repeated requests not to be contacted and her number being registered on the National Do-Not-Call Registry.

36. Defendant, or someone acting on its behalf, violated Plaintiff's privacy by making each of the above referenced unwanted telemarketing text messages and calls, and they constitute a nuisance as they are annoying and harassing. Plaintiff explicitly told Defendant that she did not want to be contacted by Defendant.

37. Plaintiff's first request to stop calling her should have triggered Defendant's obligation under 47 C.F.R. § 64.1200(d) to put her phone number on Defendant's Internal Do-Not-Call List, both under the relevant regulation and under its own internal privacy policies. Defendant, however, failed to take this action and/or failed to enforce its Internal Do-Not-Call List policies. Defendant, therefore, illegally and knowingly continued to contact Plaintiff after she requested the text messages stop.

38. Upon information and belief, Defendant also failed to honor the National Do-Not-Call registrations of other individuals' residential lines while conducting telemarketing campaigns.

7

## CLASS ALLEGATIONS

**National Do-Not-Call Registry Class**

39. Plaintiff brings Count I of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> All natural persons in the United States who, from December 2, 2020, to the commencement of this litigation, received more than one telephone solicitation within twelve months (either phone call or text message) from Defendant after registering their telephone number with the National Do-Not-Call Registry.

40. Excluded from this class definition are employees, officers, and directors of Defendant, attorneys appearing in this case, and any judge assigned to hear this action.

41. Each of the persons identified in the National Do-Not-Call Registry Class has been harmed by the acts of Defendant because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and/or they were charged for incoming calls.

42. Plaintiff reserves the right to modify this class definition as she obtains relevant information, including telemarketing call records, through discovery.

**Internal Do-Not-Call List Class**

43. Plaintiff brings Count II of this action under Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class tentatively defined as:

> All natural persons in the United States who, from December 2, 2020, to the commencement of this litigation, received more than one telephone solicitation (either phone call or text message) from Defendant after registering their telephone number with Defendant's Do-Not-Call List.

44. Excluded from this class definition are employees, officers, and directors of Defendant, attorneys appearing in this case, and any judge assigned to hear this action.

45. Each of the persons identified in this Internal Do-Not-Call List Class has been harmed by the acts of Defendant because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and/or they were charged for incoming calls.

46. Plaintiff reserves the right to modify this class definition as she obtains relevant information, including telemarketing call records, through discovery.

**The Action Meets the Requirements to be Certified as a Class**

47. Plaintiff is a member of the proposed Classes.

48. The proposed Classes can be identified through telephone records and databases used in transmitting the telemarketing calls.

49. <u>Numerosity.</u> The number of Putative Class Members is believed to be in the hundreds or thousands, rendering the classes so numerous that individual joinder of all Class Members is impracticable.

50. <u>Commonality.</u> There are questions of law and fact common to Plaintiff and to the proposed classes, including, but not limited to, the following:

   a. Did Defendant place, or have they placed, telemarketing calls to Plaintiff and the Putative Class Members;

   b. Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

   c. Whether Defendant placed solicitations to individuals who registered their telephone numbers on the National Do-Not-Call Registry more than 30 days prior;

   d. Whether Defendant's conduct violated the TCPA by failing to honor the National Do-Not-Call Registry;

   e. Whether Defendant's conduct violated 47 C.F.R. § 64.1200(d)(3) (the Internal Do-Not-Call List);

    f.   Whether Defendant willfully or knowingly violated 47 C.F.R. § 64.1200(d)(3) (the Internal Do-Not-Call List); and

    g.   Whether Defendant is liable for damages, and the amount of such damages.

51.   <u>Typicality.</u> Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the proposed Putative Class's Members'. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same cause of action and upon the same facts as the other Members of the proposed Putative Class.

52.   <u>Adequacy</u>. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the proposed Putative Class because her interests coincide with, and are not antagonistic to, the interests of the Members of the proposed Putative Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. Plaintiff and her Counsel will fairly and adequately protect the interests of Members of the proposed Putative Class.

53.   <u>Superiority.</u> Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Members of the proposed Putative Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Liability will be determined based on a common set of facts and legal theories. Willfulness will be determined based on Defendant's conduct and knowledge, not upon the effect of Defendant's conduct on the Putative Class Members.

54.   The statutory damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Members of the Putative Class to individually redress effectively the wrongs done to them, as the TCPA has no attorney's fee shifting

provision. Even if the Members of the proposed Putative Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

55. Class certification is appropriate because Defendant has acted on grounds generally applicable to the proposed Putative Class, making appropriate equitable injunctive relief with respect to Plaintiff and the proposed Putative Class Members. Fed. R. Civ. P. 23(b)(2).

56. <u>Injunctive and Declaratory Relief Appropriate.</u> Defendant has acted on grounds generally applicable to the Putative Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Putative Class appropriate on a class wide basis. Moreover, on information and belief, and based on her experience, Plaintiff alleges that the calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION
### COUNT I
**Violation of 47 U.S.C. § 227(c),** *et seq.* **and 47 C.F.R. § 64.1200(c)**
**Failure to Honor National Do-Not-Call Registry**

57. Plaintiff incorporates by reference the foregoing paragraphs 1-56 of this Complaint as if fully set forth herein.

58. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

59. 47 C.F.R. § 64.1200(c) is "applicable to any persons or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

60. Under the TCPA, a person who has received more than one telephone call within any twelve (12) month period by or on behalf of the same entity may bring a private cause of action against such entity based on a violation of the TCPA.

61. Plaintiff and the Class each registered on the National Do-Not-Call Registry more than thirty (30) days prior to receiving such calls.

62. Plaintiff and the Class received more than one such call in a twelve (12) month period from Defendant.

63. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the National Do-Not-Call Registry Class received more than one call in a twelve (12) month period from Defendant in violation of 47 C.F.R. § 64.1200.

64. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each Class Member.

65. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5)(A).

**COUNT II**
**Violation of 47 C.F.R. § 64.1200(D)(3)**
**Failure to Honor Internal Do-Not-Call List Requests**

66. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

67. Plaintiff and the Internal Do-Not-Call List Putative Class each asked Defendant to stop making telemarketing calls to them.

68. In violation of 47 C.F.R. § 64.1200(d)(3), Defendant continued to make telemarketing calls to Plaintiff and the Internal Do-Not-Call List Putative Class after they were or should have been listed on Defendant' Internal Do-Not-Call List.

69. Plaintiff and the Internal Do-Not-Call List Putative Class received more than one (1) such call in a twelve (12) month period.

70. Pursuant to 47 U.S.C. § 227(c)(5), Plaintiff and each Internal Do-Not-Call List Putative Class Member is entitled to recover from Defendant $500.00 in statutory damages for each such violation. In the event that Defendant is found to have knowingly or willfully violated the TCPA, this Court may, in its discretion, increase the amount of statutory damages to not more than $1,500.00 for each such violation with Plaintiff and each Internal Do-Not-Call List Putative Class Member.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and as a representative of all other persons similarly situated, prays for judgment against Defendant, awarding relief as follows:

a. Certifying the proposed National Do-Not-Call Registry Class under Fed. R. Civ. P. 23 and appointing Plaintiff and her counsel to represent the National Do-Not-Call Registry Class;

b. Certifying the proposed Internal Do-Not-Call List Class under Fed. R. Civ. P. 23 and appointing Plaintiff and her counsel to represent the Internal Do-Not-Call List Class;

c. Statutory damages as provided for under 47 U.S.C. § 227(c)(5), trebled as may be appropriate;

d. A permanent injunction restraining Defendants from making, or having made on its behalf, any additional non-emergency calls to residential landlines that are on the Internal Do-Not-Call List without first obtaining the prior express written consent of the called party;

e. Pre-judgment interest from the date of filing this suit;

f. A reasonable attorney's fee to be paid out of any common fund created by virtue of this litigation;

g. All costs of this proceeding; and

h. All general, special, and equitable relief to which Plaintiff and the respective Members of the Internal Do-Not-Call List Class are entitled to by law.

                Respectfully submitted,

Date: December 2, 2024        /s/ *Kevin M. Cox*
                Joseph M. Lyon (0076050)
                Kevin M. Cox (0099584)
                **THE LYON FIRM**
                2754 Erie Ave.
                Cincinnati, OH 45208
                Phone: (513) 381-2333
                Fax: (513) 766-9011
                *jlyon@thelyonfirm.com*
                *kcox@thelyonfirm.com*

                Attorneys for Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial by the maximum number of persons permitted by law on all issues herein triable to a jury.

                */s/ Kevin M. Cox*
                Kevin M. Cox (0099584)